UNITED STATES DISTRICT COURT
DISTRICT OF NEW MEXICO

JAIME S. VINING,

    Plaintiff,

v.                                                                       Civ. No. 15-477 MCA/GJF

CAROLYN W. COLVIN, Acting
Commissioner of the
Social Security Administration,

    Defendant.

## MEMORANDUM OPINION AND ORDER

THIS MATTER comes before the Court on Plaintiff's "Motion for Award of Attorney Fees Pursuant to the Equal Access to Justice Act, 28 U.S.C. § 2412(d)" ("Motion"). [Doc. No. 33] Plaintiff moves the Court for an award of $5,678.00 in attorney fees and costs under the Equal Access to Justice Act ("EAJA"). [Pl.'s Mot. 2-3, Doc. No. 33] Having reviewed the record, the briefing, and the relevant law, and being otherwise fully advised in the premises, the Court finds that the Motion should be granted in part and denied in part.

### I.    LEGAL STANDARD

EAJA provides for an award of attorney fees to a plaintiff when: (1) she is a prevailing party, (2) the position of the United States was not substantially justified, and (3) no special circumstances would make the award unjust. 28 U.S.C. § 2412(d)(1)(A); *Hackett v. Barnhart*, 475 F.3d 1166, 1172 (10th Cir. 2007). However, the fees awarded should in all cases be "reasonable." *Comm'r, INS v. Jean*, 496 U.S. 154, 161 (1990); *Hackett*, 475 F.3d at 1168. "[O]nce the determination has been made that the government's position was not substantially justified, then the court should determine what fee is merited for all aspects of the litigation that deal with creating a benefit to the claimant." *Gallaway v. Astrue*, Nos. 08-5080, 08-5082, 297 F.

App'x 807, 809, 2008 WL 4726236, at *2 (10th Cir. Oct. 28, 2008) (unpublished) (citing *Jean*, 496 U.S. at 161). Determining the reasonableness of the number of hours billed lies within the Court's discretion. *Hensley v. Eckerhart*, 461 U.S. 424, 437 (1983) (interpreting attorney fees request under 42 U.S.C. § 1988); *see also Jean*, 496 U.S. at 161 (explaining that once a litigant has established eligibility for fees under the EAJA, "the district court's task of determining what fee is reasonable is essentially the same as that described in *Hensley*").

"In awarding fees under the EAJA, [courts] have a special responsibility to ensure that taxpayers are required to reimburse prevailing parties for only those fees and expenses actually needed to achieve the favorable result." *Role Models Am., Inc. v. Brownlee*, 353 F.3d 962, 975 (D.C. Cir. 2004). The Tenth Circuit recognizes that attorneys typically do not bill a client for every hour expended in litigation, and they should exercise "billing judgment" regarding the amount of hours actually billed. *Ellis v. Univ. of Kan. Med. Ctr.*, 163 F.3d 1186, 1202 (10th Cir. 1998) (citing *Hensley*, 461 U.S. at 437). To show appropriate billing judgment, an attorney should make a good-faith effort to exclude those hours from the request that are excessive, redundant, or otherwise unnecessary. *Id.* The Court has a corresponding obligation to exclude hours "not reasonably expended" from the calculation. *Id.* The Tenth Circuit has directed the district courts to approach this reasonableness inquiry "much as a senior partner in a private law firm would review the reports of subordinate attorneys when billing clients." *Robinson v. City of Edmond*, 160 F.3d 1275, 1281 (10th Cir. 1998) (quoting *Ramos v. Lamm*, 713 F.2d 546, 555 (10th Cir. 1983)).

**II.  ANALYSIS**

In this case, Plaintiff requests $5,678.00 for a total of 29.8 hours of work, of which 21.8 hours were completed in 2015 at $190 per hour and 8.0 hours were performed in 2016 at $192

per hour. [Pl.'s Mot. Ex. 1 at 3-4]  The Commissioner objects only to the number of hours requested.  [*See* Def.'s Resp. 1, Doc. No. 35]  She does not challenge the hourly rates, nor does she argue that her position was substantially justified. [*Id.*]  She asks the Court instead to exercise its discretion to reduce the number of hours by approximately 5.5 hours, for a maximum fee award of $4,628.80.  [*Id.*]  Furthermore, the Commissioner contends that Plaintiff's counsel "failed to exercise billing judgment and, as such, the Court should excise the billing entries that are not reasonable."  [*Id.* at 3.]  She then details the following billing entries as warranting reduction or excision:

(1) May 2, 2015: Telephone conference with client; preparation of retention letter, fee agreement, EAJA assignment; 0.7 hour

(2) June 6, 2015: Attention to correspondence from client; preparation of complaint and motion for leave to proceed in forma pauperis; attention to filing of complaint and IFP motion; 1.2 hours

(3) June 8, 2015: Attention to correspondence; notice of assignment of magistrate; order on IFP motion; order for service of process; 0.1 hour

(4) June 15, 2015: Attention to correspondence; notice of judge reassignment; 0.1 hour

(5) June 17, 2015: Attention to correspondence; rule 73 entries; order referring case to magistrate; 0.1 hour

(6) June 17, 2015: Preparation of summons; 0.2 hour

(7) June 18, 2015: Attention to correspondence; issued summons; 0.1 hour

(8) June 22, 2015: Preparation of USM-285s; letter to U.S. Marshal; 0.4 hour

(9) July 6, 2015: Attention to correspondence; SSA notice of appearance; return of summons; 0.1 hour

(10)   September 4, 2015: Attention to correspondence; notice of judge reassignment; 0.1 hour

(11)   September 10, 2015: Attention to correspondence; order referring case to magistrate judge; 0.1 hour

3

(12) November 2, 2015: Attention to filing of motion to remand; 0.2 hour

(13) January 4, 2016: Attention to correspondence; motion for extension of time to file answer; 0.1 hour

(14) January 5, 2016: Telephone conference Dana Attencio; attention to correspondence; order on motion to extend; 0.2 hour

(15) January 26, 2016: Attention to correspondence; notice of substitution of attorney for SSA; 0.1 hour

(16) February 13, 2016: Attention to filing of reply brief; 0.1 hour

(17) November 15, 2016: Preparation of motion for EAJA attorney fees, memorandum in support of EAJA attorney fees, affidavit of attorney; trip to Compass Bank for notarization of attorney affidavit; 1.6 hours

[*Id.* at 4-5.]

The Court finds that the overall fees are within the reasonable range of attorney time spent in the average case. S*ee Hayes v. Sec. of Health and Human Servs.*, 923 F.2d 418, 422 (6th Cir. 1990) (finding that 30 to 40 hours was the average amount of time spent on a social security case). In this matter, Plaintiff's attorney successfully identified and briefed five separate grounds for relief. Thus, with the exception of predominantly clerical or blatantly excessive fees, the Court finds no reason to grant the Commissioner's request to arbitrarily reduce the fee amount to $4,628.80.

Rather, the Court will reduce Plaintiff's request only insofar as it contains entries that are disallowable, clearly excessive, or unreasonable. Some of the requests for which Plaintiff seeks attorney fees are tasks that are administrative, ministerial, or clerical in nature for which an attorney would never bill a client. The underlying question in awarding attorney fees is whether the claimed fees are reasonable, and district courts have "discretion in determining the amount of a fee award." *Hensley*, 461 U.S. at 437.

In this case, although Plaintiff's overall request was well within the zone of reasonableness for fees, the Court takes issue with certain individual requests. The first type of entry the Court will reduce is billing to review routine CM/ECF notices. A client should not be billed for reading electronic entries indicating that, for example, a case has been re-assigned to a different judge or that a summons has been issued. Therefore, the Court will strike the following entries associated with routine CM/ECF review:

June 8, 2015 (0.1 hour) (Notice of Assignment of Magistrate; Order on IFP Motion; Order for Service of Process)

June 15, 2015 (0.1 hour) (Notice of Judge Re-Assignment)

June 17, 2015 (0.1 hour) (Rule 73 Entries; Order Referring Case to Magistrate)

June 18, 2015 (0.1 hour) (Summons Issued)

July 6, 2015 (0.1 hour) (SSA Notice of Appearance; Return of Summons)

September 4, 2015 (0.1 hour) (Notice of Judge Re-Assignment)

September 10, 2015 (0.1 hour) (Order Referring Case to Magistrate)

January 4, 2016 (0.1 hour) (Motion for Extension of Time to File Answer)

January 26, 2016 (0.1 hour) (Notice of Substitution of Attorney for SSA)

September 26, 2016 (0.3 hour) (Order Adopting Report and Recommendations; Order of Remand)

Additionally, the Court will strike the following requests it deems to be primarily clerical tasks:

June 17, 2015 (0.2 hour) (Preparation of Summons)

June 22, 2015 (0.2 hour) (Preparation of USM-285s; Letter to U.S. Marshal)

November 2, 2015 (0.2 hour) (Attention to Filing of Motion to Remand)

5

February 13, 2016 (0.1 hour) (Attention to Filing of Reply Brief)

Lastly, the Court will reduce two other fee requests that appear unreasonable. First, the June 6, 2015, entry for preparing the complaint and motion to proceed in forma pauperis shall be decreased from 1.2 hours to 1.0 hour. Second, the January 5, 2016, entry for a telephone call and attention to correspondence shall be decreased from 0.2 hour to 0.1 hour.

As a result of the aforementioned modifications, the EAJA award to Plaintiff's counsel is reduced a total of 2.2 hours (1.5 hours at the 2015 rate of $190, and 0.7 hour at the 2016 rate of $192).

Having reviewed the parties' briefing and applicable case law, the Court finds that Plaintiff's Motion [Doc. No. 33] should be **GRANTED IN PART AND DENIED IN PART** and that EAJA fees shall be awarded for a total of 27.6 hours. Of these, 20.3 hours shall be payable at the 2015 rate of $190 per hour, and 7.3 shall be payable at the 2016 rate of $192 per hour.

**IT IS THEREFORE ORDERED** that Plaintiff Jaime S. Vining is authorized to receive **$5,258.60** for payment to her attorney for services before this Court, as permitted by the Equal Access to Justice Act, 28 U.S.C. § 2412, and in accordance with *Manning v. Astrue*, 510 F.3d 1246, 1255 (10th Cir. 2007).

**IT IS FURTHER ORDERED** that, if Plaintiff's counsel is ultimately granted attorney fees pursuant to 42 U.S.C. § 406(b) of the Social Security Act, counsel shall refund the smaller award to Plaintiff pursuant to *Gisbrecht v. Barnhart*, 535 U.S. 789, 796 (2002) ("Congress harmonized fees payable by the Government under EAJA with fees payable under § 406(b) out of the claimant's past-due Social Security benefits in this manner: Fee awards may be made

under both prescriptions, but the claimant's attorney must refun[d] to the claimant the amount of the smaller fee") (internal quotation marks omitted).

**IT IS SO ORDERED** this 22nd day of May, 2017.

_____
**M. CHRISTINA ARMIJO
CHIEF UNITED STATES DISTRICT JUDGE**